The Burlington Insurance Company

*v.*

F. F. Brockway.

*Filed at Ottawa October 31, 1891.*

1. Fire insurance— *continuance of occupancy of building —policy construed.* A policy of insurance of a building occupied as a storehouse and as a dwelling, against loss by fire for one year from the date of the policy, contained a clause that "if the premises hereby insured are or shall hereafter become vacant or unoccupied * * * without notice, and consent indorsed on the policy, the same shall be void :" *Held*, that the abandonment of the building as a residence before a loss would not render the policy void and defeat a recovery by the assured, the building continuing to be occupied as a storehouse.

2. A statement in a policy of insurance, or the application therefor, as to the manner in which the building insured is occupied, is not a warranty that it shall continue to be so used during the existence of the policy. It is a warranty only as to the present use. To constitute it a continuing warranty it must be so expressed by apt words.

3. Appeal— *reviewing questions of fact.* The force of the statute prohibiting this court from questioning in a class of cases the determination of the Appellate Court upon controverted questions of fact, can not be avoided on the theory that the plaintiff, by his testimony, admitted facts that would defeat a recovery, when such testimony is susceptible of a different construction.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Stark county; the Hon. Thomas M. Shaw, Judge, presiding.

Messrs. Newman & Blake, Mr. M. Shallenberger, and Mr. T. G. Harper, for the appellant:

In this case appellee should not recover because of breach of warranty. *Insurance Co.* v. *Wright,* 22 Ill. 62 ; *Witherell* v. *Insurance Co.* 49 Me. 200 ; *Insurance Co.* v. *Cooper,* 55 Pa. St. 331; *Insurance Co.* v. *Arthur,* 30 id. 315 ; *Grace* v. *Insurance Co.* 109 U. S. 278 ; *Sperry* v. *Insurance Co.* 26 Fed. Rep. 234 ; May on Insurance, sec. 172 ; Wood on Insurance, sec. 57.

There was error in the court below holding that the premises insured under policy 12,119 were occupied as required by the terms of the policy. *Insurance Co.* v. *Garland,* 108 Ill. 220; *Insurance Co.* v. *Tucker,* 92 id. 64; *Insurance Co.* v. *Webster,* 69 id. 392; *Insurance Co.* v. *Padfield,* 78 id. 167; *Keith* v. *Quincy,* 10 Allen, 228; *Newton* v. *Insurance Co.* 15 Wis. 138; *Ashwood* v. *Insurance Co.* 112 Mass. 422; *Sleeper* v. *Insurance Co.* 56 N. H. 401; *Payne* v. *Insurance Co.* 5 N. Y. 619; *Fitzgerald* v. *Insurance Co.* 64 Wis. 463; *Cook* v. *Insurance Co.* 70 Mo. 610.

The court erred in holding the refusal to submit to an examination did not defeat the policy, and the verdict of the jury upon this point is not sustained by evidence. *Harris* v. *Insurance Co.* 35 Conn. 310; *Bonner* v. *Insurance Co.* 13 Wis. 667.

Mr. C. C. Wilson, Mr. Frank Thomas, and Mr. B. F. Thompson, for the appellee:

A policy, in case of doubt, will be construed most strongly against the company. *Insurance Co.* v. *Eddy,* 49 Ill. 106; *Insurance Co.* v. *Robinson,* 64 id. 265; *Insurance Co.* v. *Scammon,* 100 id. 644; *Schroeder* v. *Insurance Co.* 109 id. 157.

The rule is, that when two interpretations equally fair may be given, that which gives the greater indemnity shall prevail. So conditions and provisos will be strictly construed against the insurer, because they tend to impair the protection sought by the principal contract. *Hoffman* v. *Insurance Co.* 32 N. Y. 405; *Montgomery* v. *Insurance Co.* 16 B. Mon. 427; *Insurance Co.* v. *Wright,* 1 Wall. 456.

The whole instrument must be read together, and clauses apparently inconsistent must be moulded to support the main end in view. *Insurance Co.* v. *Edmond,* 17 Gratt. 138.

Any interpretation is to be shunned which will conflict with that end. The rule is fully established that the policy must, in all cases be construed in favor of the insured. *Westfall* v. *Insurance Co.* 2 Duer, 490.

As the insurers have the power to choose their own language, and to insert all conditions and provisos needed to protect themselves against fraud or unjust claims, the language actually used will be construed against them. *Cropper* v. *Insurance Co.* 32 Pa. St. 351; *Nicoll* v. *Insurance Co.* 3 W. & M. 529.

Whether a building at the time of a loss was vacant and unoccupied, is a question of fact. *Insurance Co. Tucker*, 92 Ill. 64; *Herman* v. *Insurance Co.* 81 N. Y. 184.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action by appellee, against appellant, declaring on two insurance policies. The appeal to this court is from a judgment of the Appellate Court for the Second District, affirming a judgment of the trial court in favor of appellee.

In the application for one of the policies the insured was asked the question, "What did building and land cost you, and when?" He answered, "$1700; value of repairs since, $1000." This, it is insisted by the insurance company, was a warranty on the part of the assured. It is assumed that the evidence shows the property cost him but $1200, and it is said there was therefore a breach of warranty rendering the policy void. Both policies sued on contained the clause, "the assured shall submit to examination or examinations, under oath, by any person appointed by the company, touching all actions by him deemed pertinent to the loss, and subscribe to such examination or examinations when reduced to writing; and the refusal to answer such questions or to subscribe to such examinations, when reduced to writing, shall cause the forfeiture of the claims under this policy." It is contended the evidence showed a refusal by appellee to submit to such examination, and therefore he can not maintain this action. By each of these points a question of fact is raised. The force of the statute prohibiting this court from questioning in this class of

cases the determination of the Appellate Court upon all controverted questions of fact is attempted to be avoided on the theory that by the testimony of appellee himself he admitted the property cost him but $1200, and that he did in fact refuse to submit to the required examination, therefore there is no controversy of fact on either point. This position is not supported by the record. The testimony of appellee can not be fairly construed into an admission of either fact. It is at least susceptible of a construction directly to the contrary. The Appellate Court having affirmed the judgment of the trial court, we must presume so construed his evidence, and found both facts in his favor.

One of the policies, in describing the property insured, uses this language: "$1500 on the two-story, shingle roof, frame building, while occupied by assured as a store and dwelling house, situate," etc. In the application the description is the same, and in it appellee answered the question as to occupancy as follows: "First story store and dwelling;" "second story dwelling." Some weeks before the fire the building was abandoned as a dwelling, but continued to be occupied as a store until burned. The trial court refused to instruct the jury, at the instance of appellant, that the contract of insurance was forfeited by the assured ceasing to occupy the building as a dwelling, and that refusal is assigned for error. It is claimed by counsel for appellant that by the terms of the policy the company only undertook to insure the building so long as it continued to be occupied both as a store and dwelling. If that was the intention of the parties to the contract, they chose, to say the least, a novel way of expressing it. The policy reads: "By this policy of insurance the Burlington Insurance Company of Burlington, Iowa, in consideration, etc., do insure F. F. Brockway * * * against loss or damage by fire to the amount of $4200." Then follows a description of the property insured, the building being described as above, after which it proceeds: "Against all such immediate loss or damage sus-

tained by the assured as may occur by fire to the property above specified, * * * not exceeding the sum insured nor the interest of the assured in the property, *except as hereinafter provided, from the 14th day of March, 1888, at twelve o'clock noon, to the 14th day of March, 1889, at twelve o'clock noon.*" The only condition afterwards expressed as to occupancy is, "or if the premises hereby insured are or shall hereafter become vacant or unoccupied, etc., without notice, and consent endorsed on the policy, same shall be void." The insurance is for one year by the express terms of the contract. If the company desired to make its liability contingent upon the continued occupancy of the house as a dwelling, it would have been very easy and natural to have stated that among the other conditions expressed. "A statement in a policy of insurance, or the application therefor, as to the manner in which the building insured is occupied, is not a warranty that it shall continue to be so used during the existence of the policy. It is a warranty only as to the present use. To constitute it a continuing warranty it must be so expressed by apt words." (7 Am. and Eng. Ency. of Law, 1036, and cases cited.) Here it is claimed, that notwithstanding the express condition as to occupancy, that nothing short of suffering the premises to become vacant or wholly unoccupied shall avoid the policy, yet by reference to a clause merely descriptive of the property it is shown that the parties agreed that the contract should be void unless the occupancy continued to be the same as when it was written. It is not necessary to resort to the rule requiring such contracts to be construed most favorably to the insured, to overthrow the interpretation of this contract insisted upon by the insurance company. By no fair construction of the policy can it be said there was a continuing warranty on the part of the assured that the building should be occupied as a dwelling during the lifetime of the insurance.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*