LEIMAN v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Term. June 30, 1908.)

1. INSURANCE—CONDITIONS IN POLICY—KEEPING BOOKS OF ACCOUNT—BREACH.
 A condition, in a policy to protect against loss by burglary, that the insured shall keep books of account, is intended for the protection of the insurer against an excessive claim; and where the amount of loss sustained by a burglary is not in dispute the insurer is not relieved of liability by the fact that the books were destroyed by fire after the burglary was committed.

2. SAME—STRICT CONSTRUCTION OF CONTRACT.
> The law does not require that an insured shall be held to a strict compliance with the terms of his policy, but to such a compliance as is fair and reasonable under the circumstances of the case.

Appeal from City Court of New York, Trial Term.

Action by Simon Leiman against the Metropolitan Surety Company. From an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

David McClure, for appellant.

Joseph Gans, for respondent.

PER CURIAM. It clearly appears from the pleadings and proof that the plaintiff sustained a loss as alleged in the complaint. The amount is not disputed. The defendant cannot now be allowed to escape liability under the clause in the "general agreement" in respect to books. That clause is intended to protect the defendant against an excessive claim, and is not available to defeat a claim the amount of which is not in dispute. The books of account are for the purpose of determining the amount of loss, and since that issue is not presented here the clause in question is without effect. Moreover, the plaintiff kept a check book and sales book, and these books were exhibited to the accountants of the defendant for examination. He also kept invoices. It appears that after the burglary the books and invoices were destroyed. If the invoices had been preserved, there is no question that the accounts kept by the plaintiff would have complied with the terms of the policy. The invoices would have supplied the deficiency in the books of account.

The question is presented, therefore, whether, because the invoices were destroyed by fire, the plaintiff is precluded from recovering upon his policy. It would be unreasonable so to hold. Suppose the burglars had stolen the books of account and invoices; could it be argued that the plaintiff could not recover upon his policy of burglary insurance? The law does not require that the insured should be held to "strict" compliance, but to such a compliance as is fair and reasonable under the circumstances. The evidence is sufficient to sustain the verdict, and the order appealed from should be affirmed.

Order affirmed, with costs and disbursements to the respondent.