PEARLMAN et al. v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. INSURANCE—BURGLARY INSURANCE—CONTRACTS—COMPLIANCE.

A burglary insurance policy relieved insurer from liability if the books and accounts of assured and daily tally of money were not so kept that the actual loss might be determined therefrom. Assured produced some books, but the evidence showed that it was impossible to tell from the books that the goods on hand on any particular day could be accurately determined. *Held* not to authorize a recovery on the policy.

2. SAME—COMPLAINT—SUFFICIENCY.

A complaint in an action on a burglary insurance policy, which alleged that the policy was issued to a third person, that by consent of insurer it was transferred to plaintiff, and that on a certain date property of the kind mentioned in the policy was stolen from the premises named in the policy, was fatally bad for failing to allege that the goods stolen were the property of plaintiff or that he had possession thereof, or any insurable interest therein.

Appeal from Trial Term.

Action by Simon Pearlman and others against the Metropolitan Surety Company. From a judgment for plaintiffs, and from an order denying a new trial defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

David McClure, for appellant.
W. H. Seabury, for respondents.

SCOTT, J. The defendant appeals from a judgment for the damages alleged to have been sustained by plaintiffs from a burglary, against which defendant had issued a policy of insurance. The plaintiffs failed to prove, by any sufficient evidence, the value of the goods alleged to have been stolen. The testimony upon that point was most vague and indefinite. Among the conditions of the policy was one which relieved the defendant from liability—

"if the books and accounts of the assured and daily tally of money are not so kept that the actual loss may be accurately determined therefrom, nor unless said loss shall have been established by competent and conclusive evidence."

The plaintiffs did produce some books; but the evidence respecting them, including that of one of the plaintiffs, was to the effect that it was impossible to tell from the books as kept that the goods on hand on any particular day could be accurately determined. As the proof stood there was not sufficient evidence to justify a verdict in plaintiffs' favor.

We are further of the opinion that the complaint would not uphold any recovery by the plaintiffs. The allegations are that a policy was issued to S. Pearlman & Bro., and that subsequently, by consent of defendant, it was transferred to plaintiffs. It is then alleged that upon a certain date property of the kind mentioned in the policy was stolen from the premises named in the policy; but there is no allegation that the goods so stolen were the property of the plaintiffs, or that they had possession thereof, or had any insurable interest therein. In short, there is nothing to connect the plaintiffs with the stolen goods. This objection was duly taken at the trial.

It follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.