### SCHWARTZ et al. v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Term. November 30, 1908.)

1. INSURANCE (§ 335*)—BURGLARY INSURANCE—BOOKS OF ACCOUNT.

  Where plaintiffs kept a book of account and invoices of goods purchased, it was proper to consider both the book and the invoices in determining whether "the books and accounts" so kept were of the character required by a burglary insurance policy, providing that it should be void if the books and accounts of the insured were not so kept that the actual loss might be determined therefrom.

  [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 853; Dec. Dig. § 335.*]

2. INSURANCE (§ 335*)—BOOKS OF ACCOUNT—LOSS.

  In a policy of burglary insurance, providing that it should be void if the books and accounts of assured were not so kept that the actual loss might be determined therefrom, an account book and invoices of purchases kept by assured were sufficient if from both such sources the actual loss was ascertainable.

  [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 853; Dec. Dig. § 335.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isidor Schwartz and another against the Metropolitan Surety Company. From a Municipal Court judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

David McClure, for appellant.
Abraham Oberstein, for respondents.

SEABURY, J. This action is brought upon a policy of burglary insurance. The only question in dispute arises under the following clause of the policy:

"This policy to be void and thereupon cease and determine if the books and accounts of the assured are not so kept that the actual loss may be determined therefrom."

The only claim now urged by the appellant is that the assured did not keep "books and accounts" so as to disclose the "actual loss." The

plaintiffs were engaged in the manufacture of cloaks. Immediately after the burglary, the plaintiff notified the defendant of the loss, and the defendant's representative called at the plaintiff's place of business and examined the bills which the plaintiffs had on hand for the stolen goods. The evidence shows that the plaintiff also kept a book of account. This book was used at the trial, and the plaintiff was permitted, without objection, to testify from it. The book itself was not offered in evidence by either of the parties and is not a part of the record which is now before us. In determining whether "the books and accounts," kept by the assured, were of the character required by the terms of the policy, it is proper to consider both the book of account and the invoices. If, from an inspection of both of these sources, the "actual loss" is ascertainable, there is no breach by the assured of the condition of the policy quoted above. Leiman v. Metropolitan Surety Co. (Sup.) 111 N. Y. Supp. 536.

In the present case, it appeared from the invoices that, shortly before the burglary, the assured had on hand goods of the value of $969.11, and that goods of the value of $648.66 were stolen. The plaintiffs admitted that all of the items, making up this aggregate amount, were not kept in their book of account, but testified positively that these items were taken from the bills on hand. While some confusion seems to have arisen in the course of the trial as to the exact amount of the goods on hand immediately prior to the burglary, the evidence, which included the actual bills for goods purchased, was sufficient to justify the conclusion reached by the trial justice. The court below gave judgment for the plaintiff for the sum of $500, and this amount is sanctioned by the evidence.

The case of Pearlman v. Metropolitan Surety Company, 127 App. Div. 539, 111 N. Y. Supp. 882, upon which the appellant relies, is not in point here, because in that case the books kept by the assured were not so kept as to make it possible to determine from them the amount of the loss sustained.

The judgment is affirmed, with costs. All concur.