266     APPELLATE COURTS OF ILLINOIS.

Tucker v. American Bonding & Casualty Co., 223 Ill. App. 266.

I. Tucker, trading as I. Tucker & Company, Appellee, v. American Bonding & Casualty Company, Appellant.

Gen. No. 26,824.

1. INSURANCE—*how policies are to be construed.* Policies of insurance should be liberally construed in favor of the insured so as not to defeat, without a plain necessity, his claim for indemnity which, in taking the insurance, it was his object to secure.

2. INSURANCE—*sufficiency of evidence in action on burglary policy.* In an action upon a policy of burglary insurance where the sole defense was that plaintiff failed to keep his records in the manner provided in the policy so as to enable defendant to verify the alleged loss, *held* that the evidence sufficiently disclosed that, had defendant seen fit to make an examination, the books, records and accounts of plaintiff in connection with the invoices introduced in evidence would have fully disclosed the value of the goods shown to have been stolen.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921.

SABATH & STAFFORD, for appellant; CHARLES B. STAFFORD and THOMAS M. ZASADIL, JR., of counsel.

SCHUYLER & WEINFELD, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an action brought on a burglary insurance policy issued on February 5, 1919, by the defendant company to the plaintiff, engaged in a clothing manufacturing business at 654 Roosevelt Road, Chicago, for the loss by burglary on October 7, 1919, of eight pieces of serge and flannel goods, the cost price of which was $671.44. The cause was tried before the court without a jury. Plaintiff and his bookkeeper testified and they were cross-examined by defendant's attorney. The

policy sued upon and certain invoices, given to plaintiff at the time he personally purchased the missing and other similar goods, were introduced in evidence by plaintiff. These invoices showed the cost of the goods and the names of the sellers. No evidence was offered by defendant. The court found the issues against the defendant and assessed plaintiff's damages in the sum of $671.44, and judgment was entered against the defendant upon the finding and this appeal followed.

The fact that a burglary was committed and that the goods were taken from the interior of plaintiff's building or premises is amply sustained by the evidence. The sole defense was, as disclosed from defendant's affidavit of merits, that it was not liable to plaintiff under the policy because he had failed to comply with the provisions thereof, "in that he failed to keep his records in the manner provided in the said policy so as to enable the said defendant to verify the said alleged loss." It is provided in paragraph d of section 2 of the policy that: "This policy does not cover loss if the assured's books, records and accounts are not so kept that the value of the stolen property may be accurately determined therefrom by the company." The only point here made and argued by counsel for defendant as a ground for a reversal is that the evidence does not sufficiently show such compliance with the provision of the policy mentioned as warrants any recovery by plaintiff.

Policies of insurance should be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim for indemnity, which, in taking the insurance, it was his object to secure. (*Fire Ass'n of Philadelphia v. Short,* 100 Ill. App. 553, 559; *Healey v. Mutual Acc. Ass'n,* 133 Ill. 556, 561.) In the case of *Liverpool & L. & G. Ins. Co. v. Kearney,* 180 U. S. 132, it appears that in a fire insurance policy there was a provision that the insured should "keep

268     APPELLATE COURTS OF ILLINOIS.

Tucker v. American Bonding & Casualty Co., 223 Ill. App. 266.

a set of books, showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business," and the court said (p. 136): "That provision is satisfied if the books kept were such as would fairly show, to a man of ordinary intelligence, 'all purchases and sales, both for cash and credit.'" In *Burnett v. American Cent. Ins. Co.*, 68 Mo. App. 343, where a similar provision in a policy of fire insurance was in question, the court said (p. 346): "It appears that the plaintiff had preserved the invoices of his various purchases of goods. The plaintiff was, under the policy, required to keep such books only as constituted a record which a person of ordinary intelligence, accustomed to accounts, could understand. * * * If he keeps such books * * * that would be sufficient for all practical purposes and a substantial compliance with the requirement of the provision." In *Leiman v. Metropolitan Surety Co.*, 111 N. Y. Supp. 536, where in a policy of burglary insurance there was a clause providing that the insured should keep books of account, the court said (p. 537): "That clause is intended to protect the defendant against an excessive claim, and is not available to defeat a claim, the amount of which is not in dispute." In *Schwartz v. Metropolitan Surety Co.*, 113 N. Y. Supp. 66, the policy of insurance against loss by burglary contained a clause very similar to that in the policy in the present case, and the court said (p. 67): "In determining whether the 'books and accounts,' kept by the assured, were of the character required by the terms of the policy, it is proper to consider both the book of account and the invoices. If, from an inspection of both of these sources, the 'actual loss' is ascertainable, there is no breach by the assured of the condition of the policy."

In the present case we think that the evidence sufficiently discloses that, had the defendant seen fit to

make an examination, plaintiff's "books, records and accounts," taken in connection with the invoices introduced in evidence, would have fully disclosed to defendant the value of the goods shown to have been stolen, and we are of the opinion that the finding and judgment were fully warranted by the evidence. Accordingly, the judgment is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.