JOSEPH DANERHIRSCH and IRVING LATZ, Doing Business under the Firm Name and Style of DANER COMPANY, Respondents, *v.* THE TRAVELERS INDEMNITY COMPANY, Appellant.

First Department, July 14, 1922.

Insurance — burglary insurance — provision in policy that company should not be liable unless books of account were kept constitutes condition subsequent — failure to keep books rendered policy void — said condition and failure to comply therewith not available as defense unless pleaded — representation that no burglaries had occurred within five years prior to July 1, 1919, not shown to be false by admission of burglaries between 1910 and 1915.

A provision in a policy of burglary insurance that the company shall not be liable for damages " unless books of accounts are kept by the assured and the company can accurately determine therefrom the actual amount of loss or damage sustained " is a condition subsequent rendering the policy void if such books of account are not kept.

But such condition subsequent and the failure to comply therewith must be pleaded to be available as a defense.

Representations made by the insured that they had not suffered any losses within five years prior to the 1st of July, 1919, the date the policy was written, were not shown to be false by an admission to the effect that the insured had other losses from 1910 to about 1915 by reason of burglary, for the prior burglaries may have occurred prior to July 1, 1914.

APPEAL by the defendant, The Travelers Indemnity Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 21st day of April, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff

*William J. Moran* [*Daniel Mungall* of counsel], for the appellant.

*S. J. Rosenblum,* for the respondents.

SMITH, J.:

This is an action to recover upon a policy of burglary insurance. The only question submitted to the jury was the question of damages. The policy contained this provision: " The company shall not be liable for damages to the premises, furniture, fixtures, safe or vault therein   *   *   *   unless books of accounts are kept by the assured and the company can accurately determine therefrom the actual amount of loss or damage sustained." I can read this provision in no other way than as a condition subsequent, rendering the policy void if such books of account are not kept. It does not prescribe how proof shall be made in an action upon the policy, or what proof may be necessary to sustain such an action. It simply

makes ineffective the policy if such books are not kept as will show accurately the extent of the plaintiffs' loss. That such books were not kept seems to be admitted, and if the defendant had pleaded the breach of this condition subsequent, such a fact would have been a complete defense to the action. But such defense is not here pleaded.

The defendant made a motion to dismiss the complaint upon the ground that such books were not kept, and the plaintiffs' counsel answered that motion by asserting the fact that such defense had not been pleaded and no amendment was sought to be made to the answer.

In *Wolowitch* v. *National Surety Co.* (152 App. Div. 14) the defense was distinctly pleaded. In *Pearlman* v. *Metropolitan Surety Co.* (127 App. Div. 539) the defense was specifically pleaded. Inasmuch as the condition requires the plaintiffs to keep their books subsequent to the making of the contract in such form as to show accurately the loss sustained, I am unable to see how it can be construed other than as a condition subsequent.

The defendant further urges reversal upon the ground that the proof shows false representations. The policy was written upon the 1st of July, 1919. One of the representations made, which is made a part of the policy, was that there had been no prior losses from burglary within five years, except a loss of $500. The defendant relies upon the statement of the plaintiffs to the effect that they had had other losses from 1910 to *about* 1915 by reason of burglary. All of these burglaries may well have been suffered prior to July 1, 1914, even under this admission by the plaintiffs, and as there being no other proof of these prior burglaries, the defense of false representations has not been established.

The determination should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Determination affirmed, with costs.