236     APPELLATE COURTS OF ILLINOIS.

Mulconery v. Federal Automobile Ins. Assn., 230 Ill. App. 236.

## M. T. Mulconery, Appellee, v. Federal Automobile Insurance Association, Appellant.

1. INSURANCE—*when policy restriction on use of insured automobile not violated.* A statement in a schedule of warranties that the insured automobile is operated only by the insured, members of his family and his duly authorized employees does not restrict the operation of the car during the life of the policy to the persons mentioned, so as to defeat a recovery under the policy for a loss sustained in an accident which occurred after a person not in the class named had been driving but while the son of the owner was operating the car.

2. INSURANCE—*when statement restricting use of insured automobile not shown to be false.* A statement by the insured in a schedule of warranties in a policy insuring an automobile, that such automobile is operated only by the insured, members of his family or his duly authorized employees, is not shown to have been false by evidence that, prior to the issuance of the policy, the garageman who sold the car had driven it when demonstrating or to adjust or repair it.

3. INSURANCE—*condition against driving insured automobile in "speed test" not broken by mere excessive speed.* Evidence that just prior to the accident in which an insured automobile was damaged it had been driven at an excessive rate of speed is not sufficient to defeat recovery on a policy which exempted the insurer from liability for loss resulting or arising from the operation of such automobile in any "race or speed contest" where there is evidence that such car had not been driven at an excessive speed, that there were no other cars on the highway at the time of the accident and there is no evidence that any test of the speed of the car was being made.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

FARTHING & FARTHING, for appellant.

R. E. COSTELLO and KRAMER, KRAMER & CAMPBELL, for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the court.

On July 3, 1922, appellant issued a policy of insurance for $1,450 to appellee on a Lexington automobile, model 1922, to be effective as of June 27, the date of the application. Thereafter, on August 12, while driving with two other young men and three young women, Steve Mulconery, appellee's son, met with an accident which seriously damaged said car. An action in assumpsit was instituted by appellee against appellant in the city court of East St. Louis to recover therefor.

The declaration consists of one count in the usual form and sets forth *in hæc verba* the provisions of said policy. To this declaration appellant filed a plea of the general issue and three special pleas. A demurrer was sustained to the first special plea. The second special plea is based on an alleged violation of the provisions of paragraph eight of said policy to the effect that said contract does not cover a loss resulting or arising from the "operation or manipulation in any race or speed test, or in the twenty-four hours preceding or following any such race or test in which any automobile described herein may be entered."

The third special plea is based on an alleged violation of the following statement made by appellee in the "schedule of warranties" in said policy: "What is car used for? Pleasure. The automobile described herein is operated by the subscriber and members of his family, or his duly authorized employees." Replications were filed to said special pleas and a trial was had resulting in a verdict and judgment against appellant for $704. To reverse said judgment this appeal is prosecuted.

The record in this case discloses that on the evening in question appellee's son, with the persons above

referred to, had been riding about the streets of the City of East St. Louis. Along about eleven to twelve o'clock, Steve Mulconery, who had been driving the car, got in the rear seat and a young man by the name of Russell Kinney got in the driver's seat and drove the car to Cahokia. On the return from Cahokia as the car neared the Illinois Central Railroad at Chartrand's crossing, Mulconery observed an engine and caboose approaching from the right. He grabbed the steering wheel and swung the car to the left, whereupon, after running some five or six feet, the car struck an iron railroad post with such force that the car was overturned and one of the young women was badly injured.

It is first contended by appellant for a reversal of said judgment that there was a breach of warranty with reference to the purpose or use that was being made of the car. In other words, it is insisted that under the representations made by appellee, and which the policy makes a warranty, said car could only be used by appellee and members of his family or by employees of appellee; that if while being used by anyone else an accident occurred, there would be no right of recovery. On the other hand, appellee contends that the statement with reference to the use of the car was a representation of fact and not a warranty, but if construed as a warranty, that there was no violation thereof. In other words, it is insisted that the representation or warranty had to do with the use of the car at the time the policy was issued and as there is nothing in the policy with reference to its subsequent use, the fact that some one else may have thereafter driven the car would not work a forfeiture. Contracts of insurance should be liberally construed in favor of the insured, and where two interpretations are equally reasonable, that construction should be adopted which will enable the beneficiary to recovery. *Grand Legion, Select Knights of America v. Beaty,*

224 Ill. 346. It is only when it is required by the strict letter of a contract of insurance that a forfeiture will be enforced, and where there is a clause providing for a forfeiture, it will not receive any aid by judicial construction. *Bolton v. Standard Life Ins. Co.,* 219 Ill. App. 177. See also, *Spence v. Central Accident Ins. Co.,* 236 Ill. 444.

In *Burlington Ins. Co. v. Brockway,* 138 Ill. 644, the Supreme Court had before it a question similar to the one here raised. In discussing the same, the court at page 647 says: "One of the policies, in describing the property insured, used this language: '$1500 on the two-story, shingle roof, frame building, while occupied by assured as a store and dwelling house, situated,' etc. In the application the description is the same, and in it appellee answered the question as to occupancy as follows: 'First-story store and dwelling'; 'second-story dwelling.' Some weeks before the fire the building was abandoned as a dwelling, but continued to be occupied as a store until burned." It was contended by the insurance company that there was no liability on said insurance policy for the reason that the insured had ceased in part to occupy the building as a dwelling house in violation of the provisions of said policy. The court in passing on this question, at page 647, says: "It is claimed by counsel for appellant that by the terms of the policy the company only undertook to insure the building so long as it continued to be occupied both as a store and dwelling. If that was the intention of the parties to the contract, they chose, to say the least, a novel way of expressing it. The policy reads: 'By this policy of insurance the Burlington Insurance Company of Burlington, Iowa, in consideration, etc., does insure F. F. Brockway * * * against loss or damage by fire to the amount of $4,200.' Then follows a description of the property insured, the building being described as above, after which it proceeds: 'Against all such immediate loss

or damage sustained by the assured as may occur by fire to the property above specified, * * * not exceeding the sum insured nor the interest of the assured in the property, except as hereinafter provided, from the 14th day of March, 1888, at twelve o'clock noon, to the 14th day of March, 1889, at twelve o'clock noon.' The only condition afterwards expressed as to occupancy is, 'or if the premises hereby insured are or shall hereafter become vacant or unoccupied, etc., without notice, and consent endorsed on the policy, same shall be void.' The insurance is for one year by the express terms of the contract. If the company desired to make its liability contingent upon the continued occupancy of the house as a dwelling, it would have been very easy and natural to have stated that among the other conditions expressed. 'A statement in a policy of insurance, or the application therefor, as to the manner in which the building insured is occupied, is not a warranty that it shall continue to be so used during the existence of the policy. It is a warranty only as to the present use. To constitute it a continuing warranty it must be so expressed by apt words.' (7 Amer. and Eng. Encyc. of Law, 1036, and cases cited.)''

We therefore hold that the policy was not forfeited by reason of the fact that at the time of the accident, or just prior thereto, no member of appellee's family or employee of appellee was driving the car. It might also be observed, in connection herewith, that the car on the day in question was really in charge of appellee's son, and at the immediate time of the accident he had hold of the wheel.

It is further contended by appellant in this connection that one R. J. Hogan had been driving the car in question prior to the date of said policy and that the statement made by appellee in reference to the use of said car was untrue at the time made. On this point the record discloses that Hogan handles the

Mulconery v. Federal Automobile Ins. Assn., 230 Ill. App. 236.

Lexington automobile and had sold the car in question to appellee and that he had only driven said car when demonstrating the same or when something was wrong with it. Appellee testified in reference thereto: "Everytime we would think anything was wrong or wasn't acting just right we would get Hogan to come out and he would drive the car to see whether it was all right or not." So far as the evidence discloses, the driving of said car by the witness Hogan was not in violation of the provisions of said policy.

It is next contended by appellant that just prior to the accident a speed test was being made with said car by Russell Kinney. One of the young women in the car testified that just prior to the accident Kinney was driving the car at an excessive. rate of speed which she placed at not less than forty-five miles per hour. Steve Mulconery and one of the other parties in the car testified that prior to and at the time of the accident the car was being driven at about twenty-five miles per hour. This was all of the evidence in the record with reference to the speed of the car. It is not shown by the evidence that there were any other cars on the road and the record wholly fails to disclose that a test of the speed of the car was being made, such as is evidently contemplated by the provision in said policy. A reading of paragraph eight of the policy will in and of itself be an answer to the contention made by appellant in this connection.

It is also contended by appellant that the court erred in its rulings on the evidence. We have examined the record and are of the opinion that no substantial error was made by the court in that regard.

It is next contended by appellant that the court erred in its rulings on the instructions. No instructions were offered or given on behalf of appellee. The first refused instruction offered by appellant was based on the provision in said policy with reference to the use of the car and, in view of what we have already said, the court did not err in refusing the same.

The second refused instruction was based on the provision with reference to racing or making a speed test. On the evidence in the record the court did not err in refusing this instruction.

It is next contended by appellant that the verdict is excessive. While the evidence is not entirely satisfactory as to the amount of the verdict, at the same time we are of the opinion that said verdict is not so excessive as to require a reversal on that account.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*