Alvina Boal, Administratrix of Estate of Arthur R. Boal, Deceased, Appellee, v. John Hancock Mutual Life Insurance Company, Appellant.

Gen. No. 40,814.

564

Heard in the second division of this court for the first district at the October term, 1939. Opinion filed May 28, 1940.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and JOSEPH E. BELL, of Chicago, of counsel.

ROBERT EDELSON and ARONSON & ARONSON, all of Chicago, for appellee; J. HENRY ARONSON and LEO E. ARONSON, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Alvina Boal, administratrix of the estate of Arthur R. Boal, deceased, brought suit against John Hancock Mutual Life Insurance Company, defendant, for total and permanent disability benefits under a policy of insurance issued on the life of deceased. The death benefit, less an outstanding loan, was paid in the sum of $3,395.38. Trial by the court without a jury for the recovery of the permanent disability benefits resulted in a finding and judgment against defendant in the sum of $1,494.30, from which this appeal is taken.

The policy issued to Boal in 1918 contained the following provision for total and permanent disability benefits:

"2. *Disability Occurring Before Age 60.*—If such disability occurs before the Insured reaches the age of 60 years, the Company will waive the payment of further premiums, after the then current policy year, during the continuance of the disability, and, at the end of six months from the date on which the disability is

proved, will pay to the Insured, subject to the conditions and limitations of this provision, with the written consent of the assignee, if any, an amount equal to one-tenth of the face amount of the policy, and a like amount annually thereafter during the continuance of the disability, until the maturity of the policy.''

Annual premiums for the disability benefits were paid each year from 1918 until Boal's death July 16, 1937, a period of nearly 20 years. In 1929 Boal assigned the policy to one Joe Israel, who retained possession thereof until after Boal's death.

From the testimony of numerous witnesses, including friends, business associates and physicians, it appears that in the latter part of 1934 Boal became both physically and mentally incapacitated. His physician ascribed his impairment to a multiple sclerosis, resulting in drawling speech, incoherence, difficulty in gait and walking, exaggerated reflexes in his arms and legs, a sidewise jerk of the pupils or eyeballs, and spasticity in both legs. His mental condition was permanently and incurably impaired, and he appeared ''as a man who had a brain accident.'' He was physically and mentally unable to do anything that required responsibility or physical labor, and prevented from the pursuit of any form of activity for compensation, gain or profit. The testimony of numerous other witnesses corroborated his physician's testimony, and leaves little room for doubting the conclusion reached by the court that he was permanently and totally disabled within the meaning of the provisions of the policy, subsequent to March 3, 1935, and until his death July 16, 1937. Defendant introduced no countervailing proof, from which the court could have reached any other conclusion.

As ground for reversal it is urged that the receipt by the insurer of due proof of total and permanent disability is a condition precedent to any liability under the policy sued upon. This requires a consideration of the disability clause hereinbefore set forth. Defendant

takes the position that the policy makes the furnishing of proof a condition precedent to liability for disability benefits. It is argued that under the provisions of the policy disability payments "shall not begin until six months after the receipt of due proof"; that no proof of disability was furnished to defendant until July 9, 1937, which was seven days before insured's death, and therefore under the terms of the contract no liability for disability benefits could possibly accrue until January 9, 1938, the date of the expiration of the six-month period after receipt of proof.

The reason assigned by plaintiff for failure to submit proof of Boal's disability in 1935, when he first became totally and permanently disabled, is that Boal had never discussed any business matters with his wife, the beneficiary, who, according to the uncontroverted testimony did not know the insurance policy had been kept up after the year 1929; that the policy was not in possession of deceased subsequent to 1929; that because of his mental condition he was incapacitated from making proof of his disability from the date of his illness until his death. Proof of disability was first submitted to defendant's agent July 2, 1937, by attorneys for deceased, who enclosed statements of attending physicians, letters from two business associates, and other competent proof that Boal had been continuously and permanently prevented from the pursuit of any mental or manual labor since March 3, 1935, and requested payment of disability benefits from that date. July 19, 1937, the company, by its agent, acknowledged receipt of claimant's statements, and advised his attorneys that the claim had been allowed as of July 9, 1937.

The principal question involved is whether the disability clause is susceptible to the interpretation urged by defendant, namely, that the policy makes the furnishing of proof a condition precedent to liability for disability benefits, or whether the particular provision of

this policy, unlike any other that has been called to our attention, entitles insured to recover benefits from the date that disability occurred. The clause in question states that if total and permanent disability should occur, the company will waive payment of further premiums for the then current premium year, "and at the end of six months from the date on which the disability is proved," would pay to insured certain sums therein mentioned. Plaintiff argues that the language employed is ambiguous and subject to two interpretations, and that in case of uncertainty in the language of insurance policy contracts, courts will construe them most strongly against the insurer and liberally in favor of the insured. The law is well settled that if an insurance contract is so drawn as to be equivocal, uncertain or ambiguous, as to require interpretation because fairly susceptible to two or more different, but sensible and reasonable constructions, the one will be adopted which, if consistent with the object of the insurance, is most favorable to the insured. In other words, a contract of insurance couched in language chosen by the insurer is, if open to the construction contended for by the insured, to be construed most strongly or strictly against the insurer and liberally in favor of the contention of the insured. (Couch on Insurance, vol. 1, sec. 188; *Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co.*, 356 Ill. 389; *Vollrath v. Central Life Ins. Co.*, 243 Ill. App. 181.) The argument of counsel for the respective parties leaves little room for doubt that the language contained in the disability provision of this policy is ambiguous and subject to two interpretations.

The immediate question is to determine the fair and reasonable meaning of the provision, "and at the end of six months from the date on which the disability is proved." It is just as reasonable to hold that the word, "proved," means that time when the disability actually occurred or happened, as to interpret it to mean that disability payments should not be made until at the end

of six months after the receipt of due proof by the company. Webster's International Dictionary, second edition, defines the word, "proved," as "to be, to turn out to be; to experience; to be in fact; suffer." According to the undisputed evidence and the findings of the court, Boal's total and permanent disability occurred, or, "turned out to be," and, "was a fact," on March 3, 1935. Defendant seeks to have us construe the pertinent language of the disability clause in its favor by reading into it by construction and interpretation the words, "after the receipt of due proof of disability by the company"; however, the policy does not contain the express language contended for by defendant. Nor should the court in view of the ambiguity which we think exists, and which makes the policy subject to two interpretations, create a condition precedent out of language which would have to be inserted in the policy for the benefit of defendant in order to sustain its position.

The several cases cited by defendant to support its interpretation of the disability clause are readily distinguishable. In one of them, *Jabara v. Equitable Life Assur. Society,* 280 Ill. App. 147, the policy provided the "first payment to be payable upon receipt of due proof of such disability." The court held that the policy was clear and unambiguous and that the language left no room for interpretation. It referred to *Equitable Life Assur. Soc. of U. S. v. Felton,* 189 Ark. 318, 71 S. W. (2d) 1049, where the policy was identical in terms with the contract in the *Jabara* case, wherein recovery was allowed the administratrix from the date of the assured's permanent disability, "because he was mentally incapacitated from making proof of his disability from the date he was disabled." Obviously, the rule in the *Jabara* case does not apply in cases of ambiguity, and would have been determined favorably to the insured if there had been an ambiguity.

In *Bergholm v. Peoria Life Ins. Co.,* 284 U. S. 489, 76 L. Ed. 416, 52 Sup. Ct. 230, also cited by defendant,

the court had under consideration the construction of a disability clause, and it was there held that the obligation of the company did not rest upon the existence of the disability, but upon the receipt by the company of proof of the disability, which was definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof.

The *Bergholm* decision is cited and commented upon in *Steffan v. Bankers Life Co. of Iowa,* 267 Ill. App. 248, another decision relied upon by defendant. In that case the policy specifically provided for disability benefits upon receipt of due proof of such disability, and the court discussed the ruling in the *Bergholm* case in connection with its conclusion that the provision of the disability clause in the *Steffan* case was not ambiguous and that there was an express condition precedent.

In two other decisions cited by defendant, *New York Life Ins. Co. v. Jackson,* 188 Ark. 292, 65 S. W. (2d) 904, and *Egan v. New York Life Ins. Co.,* 67 F. (2d) 899, the courts held that the provisions of the policies for disability payments were plain and unambiguous, and that the courts were therefore not called upon to construe or interpret them.

It thus appears that in each of the decisions cited by defendant there was either an express condition precedent, or the terms of the policy were so clear and unambiguous as to require no interpretation. We have already indicated that in our opinion an ambiguity exists in the disability clause of the policy here under consideration, and that the court will not read into the contract a condition precedent which does not appear from the express terms of the contract. We are therefore impelled to hold that the court will refuse its aid to rewrite a policy in favor of the company in order to defeat the claim of the insured and thereby create a forfeiture, and that a condition tending to defeat a policy must be expressed or so clearly implied that it

cannot be misconstrued. (*Bolton v. Standard Life Ins. Co.*, 219 Ill. App. 177; *Fire Ass'n of Philadelphia v. Short* for use of Short, 100 Ill. App. 553; *Mulconery v. Federal Automobile Ins. Ass'n*, 230 Ill. App. 236.)

The only other point urged by defendant is that the physical or mental incapacity of deceased does not excuse the filing of proofs by the insured or someone in his behalf. Defendant manifestly raises this question only because it contends that the policy in question is clear and unambiguous; that the receipt of notice by the company is expressly made a condition precedent to insurer's liability by the very terms of the policy; and therefore no liability attaches until after the submission of proofs. However, in view of our conclusion that the policy is reasonably susceptible to the interpretation that the company became liable from the date the disability occurred, and should be construed in favor of plaintiff, there is no occasion for considering the second point, since the provision in question does not constitute a condition precedent and defendant had on July 19, 1937, approved the evidence of disability submitted to it for the period during which disability benefits were claimed, namely, March 3, 1935, and until Boal's death.

In conformance with the views herein expressed the judgment of the municipal court should in all respects be affirmed. It is so ordered.

*Judgment affirmed.*

Sullivan, P. J., and Scanlan, J., concur.