PER CURIAM.
The appellant filed an action for declaratory judgment to determine a disputed question of coverage under an insurance policy, and praying for a judgment holding there was coverage, and seeking recovery on the policy. The trial court *137 granted a motion of the defendant to dismiss and entered judgment for the defendant. The plaintiff appealed.
The complaint alleged that the plaintiff, owner of a race horse, insured the horse under a policy issued by the defendant; that the term of the policy was for one year, from March 7, 1968, to March 7, 1969; that the coverage provided for in the policy (a copy of which was attached) was as follows:
“Except as provided elsewhere in this policy,
“This Policy Insures Against loss of death caused directly or indirectly by sickness, disease, accident, or by the intentional and voluntary destruction of insured animal (s) for humane reasons arising out of and solely consequent upon the foregoing named perils provided, however, that in the event of such intentional or voluntary destruction, the Company shall have expressly agreed to the destruction of the animal, or a Veterinary Surgeon appointed by the Company shall first have given a certificate that destruction is necessary to terminate incurable suffering, or a certificate is given by a qualified Veterinary Surgeon appointed by the Assured that the suffering is incurable and so excessive that immediate destruction is imperative for humane reasons without waiting for the appointment of a Veterinary Surgeon by the Company.
>]< if* * H* ‡
“Provided this is an annual Policy, the Company agrees to extend its liability on the animal (s) described in the Schedule of this Policy as per the terms and conditions of this Policy through death occurring within sixty (60) days after the expiration of this Policy as a result of any accident, illness, disease or physical disability occurring during the period of this Policy.”
It was further alleged that while being trained for racing, the horse suffered an injury on September 11, 1968, therein described as “a large vertical fracture on the lateral aspect of the right third metacarpal bone, which extended from immediately below the knee through the fetlock joint with marked separation”; that at the time of the injury a qualified veterinary surgeon diagnosed the injury to be one which was incurable and suggested that the animal be destroyed, but that in an effort to save the horse the plaintiff caused surgery to be performed in which “three compression screws were inserted in the cannon bone, one of which was immediately above the fetlock joint in the lateral aspect”; that due notice of the injury to the horse was given to the insurer; that in February of 1969, during the term of the policy, plaintiff made written request upon the insurer for renewal of the policy, which request was refused as to coverage of the kind above quoted; that on September 27, 1969, the horse suffered “a fragmented sesamoid bone in the right foreleg, diagnosed as being directly attributable to the broken leg”, stating that such break was caused by “compression screw in the lateral aspect of the metacarpal bone immediately above the fetlock joint and the resultant bone calcification below the screw”; that a qualified veterinary surgeon recommended that the animal be destroyed for humane reasons to avoid incurable suffering; that said information was communicated to the adjustment bureau of the insurer in order to afford the latter opportunity for investigation prior to the destruction of the animal, which thereafter was destroyed.
The complaint further alleges:
“That the injury that directly contributed to the destruction of this animal occurred during the term of this policy and of itself was sufficient as conceded by the Defendant through its authorized agents to justify the destruction of the insured animal for humane reasons within the provisions of the policy. However, the ultimate fate of the insuied animal was deferred by the Plaintiff in *138 a humane effort to save and rehabilitate the horse. This effort and the Defendants’ election to deny further coverage after the expiration of the policy date imposes upon the Plaintiff an inequitable burden.”
The appellant argues for a construction of the policy which would place emphasis on the injury which caused death being within the term of the policy rather than upon death of the horse within the term. The appellee contends that the language of the policy is clear in disclosing that it is the death of the horse rather than the injury which is insured against, and that the coverage is limited to death occurring during the term of the policy or within the sixty day period thereafter.
It is our view that the insurance company having conceded that the injury was sufficient to justify the destruction of the animal the right to recovery under the policy became fixed, and the fact that the agreed upon destruction was postponed for a humane reason does not as a matter of law defeat the policyholder’s rights.
A contract should be construed to carry out the expressed intention of the parties. It is well recognized that a policy of insurance may not give a right in one paragraph and retract it in another unless the limitation is clearly expressed. Butche v. Ohio Casualty Ins. Co., 1962, 174 Ohio St. 144, 187 N.E.2d 20, 21 Ohio Ops.2d 418; Boal v. John Hancock Mut. Life Ins. Co., 1940, 305 Ull.App. 563, 27 N.E.2d 555; see Keeton, Insurance Law Rights at Variance With Policy Provisions, 83 Harvard Law Review, 961, 965.
We hold that the plaintiff-appellant was entitled to a trial of the issues, if any, created by answer to the complaint for declaratory judgment.
Reversed and remanded.