REBECCA LENZNER, Respondent, v. NATIONAL SURETY COMPANY, Appellant.

Second Department, May 23, 1924.

Insurance — burglary insurance — policy provided for non-liability unless books and accounts were so kept by insured that actual loss could be determined therefrom — insured, conducting small retail business, kept informal books — books so kept complied with policy.

In an action on a burglary insurance policy by the insured, the owner of a small retail clothing and fur business, to recover a loss covered by the policy, the informal books and accounts kept by the insured which consisted of a sales book, order and storage book, ledger, check book and stubs, bills representing purchases, and an inventory, complied with the provision of the policy relieving the insurer from liability unless books and accounts were so kept by the insured that the actual loss could be actually determined therefrom by the insurer.

APPEAL by the defendant, National Surety Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day of July, 1923, upon the report of a referee appointed to hear and determine the whole issues.

*Sidney J. Loeb* [*Leon M. Prince* with him on the brief], for the appellant.

*William Godnick* [*Fred Francis Weiss* with him on the brief], for the respondent.

RICH, J.:

Defendant issued a policy of burglary insurance covering plaintiff's stock of furs at No. 617 Nostrand avenue, Brooklyn, and, while the policy was still in force, plaintiff's premises were burglariously entered and a considerable quantity of merchandise stolen and taken away. The policy of insurance provides among other things:

" IN CONSIDERATION of the reduced rate at which this policy is written, it is understood and agreed that the assured carries a policy of $4,000 in the New Amsterdam; also an excess policy of $6,000 in the Hartford Accident and Indemnity. This policy No. 787709 is excess insurance and this Company shall not be liable only in the event that the loss exceeds $10,000. * * *

" A. The Company shall not be liable * * * (5) Unless books and accounts are kept by the Assured and are so kept that the actual loss may be accurately determined therefrom by the Company."

It is the appellant's contention that plaintiff has failed to establish, by her books and accounts *solely*, that her loss exceeds $10,000 and that the books and accounts were not so kept that the actual loss may be accurately determined therefrom by the defendant.

The books kept by the respondent comprise a sales book, order and storage books, ledger, check book and stubs and numerous bills representing purchases of merchandise, and an inventory taken on January 1, 1919. On this inventory she described her merchandise by name and lot number, valuing it at cost. Her sales and order books contained entries of merchandise ordered and sold. When articles had to be manufactured, a note was made on a slip of the number of skins used, and these entries were made upon yellow cutting tickets kept by the cutter, and on completion of the garments the tickets were turned over to plaintiff and entries made in the order or sales book as the case might be. The records in the order and sales book were in duplicate, each sheet of which bore a serial number. Plaintiff's ledger contained the names of customers, the amounts charged to them and payments made. She kept no journal for the entry of purchases, but kept the bills in a file. The cutter's slips, it appears, were turned over to defendant's accountant, examined by him and plaintiff says that the accountant entered them in her book and destroyed the tickets. The records of garments left for storage or repairs were contained in a storage book, and the garment identified both by description and the name of the owner. The amounts expended for labor on garments were entered in her check book stubs. The bookkeeping system of plaintiff was rather primitive and did not commend itself to appellant's accountant, still the same accountant was able to adjust the loss sustained by two other insurers from plaintiff's records.

The appellant's position, however, and it has cited several authorities in support thereof (*Harris* v. *General Acc. F. & L. Assur. Corp.*, 187 N. Y. Supp. 291; *Pearlman* v. *Metropolitan Surety Co.*, 127 App. Div. 539; *Rosenberg* v. *People's Surety Co. of New York*, 140 id. 436; *Danerhirsch* v. *Travelers Indemnity Co.*, 202 id. 207; *Garten* v. *General Accident, F. & L. Assur. Corp., Ltd.*, 206 id. 154–158), is that the insurer was not forced to rely upon the statements of plaintiff or any other person for the amount of the loss, nor was it forced to rely on plaintiff's recollection, knowledge or memory of the stock, but could examine the books and accounts. The requirement is that the books which plaintiff did keep, and the accounts which she did have, whether invoices, bills, receipts,

30

inventories, or any other kind of documents, should make possible a definite and intelligible showing of the loss sustained. The question presented is, *first,* can a definite and intelligent showing of the loss sustained be made from the books, accounts and records kept and submitted by the plaintiff, and *second,* has she, by a fair preponderance of the evidence, established that her loss exceeded the sum at which the defendant's liability is to commence?

The accountant employed by defendant fixes the loss at $9,579.39, which, if adopted, would preclude a recovery by plaintiff under the terms of the policy, while the accountant employed by plaintiff is able to ascertain the loss from the books and records and fixes it at $14,262.08. Plaintiff's accountant gives the inventory after the loss as $4,741.69, and duplications are claimed to the extent of $1,043.53. The inventory as of January 1, 1919, plus purchases to April twenty-fourth, aggregates $18,788.93, and as the learned referee has indicated, if the inventory after the loss and the alleged duplications are deducted, a loss of at least $13,000 resulted.

The business, that of conducting a small retail business, consisting partly of buying and selling completed garments and partly of buying raw skins and making them up into garments, did not warrant the installation of an elaborate system of accounting. As said by Mr. Justice McCook, in the *Harris Case (supra,* at p. 293): " The provision must be given reasonable interpretation consistent with its design to protect the insurer against fraudulent and excessive claims. The defendant for its protection inserted in the policy in question a provision that imposed certain duties upon the plaintiffs. They were not compelled to maintain any special system of bookkeeping; no specified books or accounts were required; *the requirement was simply that the books plaintiffs did keep and the accounts which they did have, whether invoices, bills, receipts, inventories, or any other kind of documents, should make possible upon examination by the defendant a definitely intelligible showing of the loss sustained.*" The books and records kept by the plaintiff complied with the terms of the policy. It follows that the judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment unanimously affirmed, with costs.