(140 App. Div. 436.)

ROSENBERG v. PEOPLE'S SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   November 4, 1910.)

1. INSURANCE (§ 665*) — BURGLAR INSURANCE — CONDITION — BOOKS AND ACCOUNTS.

Where a policy of burglar insurance provides, as a condition precedent to the insurer's liability, that the books and accounts of the insured shall be so kept that the actual loss could be determined from them, evidence that such books and accounts were kept by the insured is essential to a recovery on the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

2. EVIDENCE (§ 174*)—BEST EVIDENCE—ADMISSION OF COPY.

In an action upon a policy of burglar insurance, where the insured had made a written list of the amounts claimed to be lost, and from this list made the typewritten copy attached to the proofs of loss, and one carbon copy, he cannot read in evidence the carbon copy, without producing or accounting for the original list.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 561–564; Dec. Dig. § 174.*]

3. EVIDENCE (§ 129*)—SIMILAR FACTS OR HAPPENINGS—RELEVANCY.

In an action upon a policy of burglar insurance, in which the insured claimed that the burglar entered his store by means of the transom over the door, evidence that other stores on the same street had been entered in that way was irrelevant, as having no tendency to prove a burglary upon the store of the insured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393; Dec. Dig. § 129.*]

4. TRIAL (§ 139*)—QUESTIONS FOR JURY—CONTROVERTED QUESTIONS.

In an action on a policy of burglary insurance, the court should not take from the jury the question of the amount of plaintiff's loss, unless the evidence on that point is such that there could be no difference of opinion in regard thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by Ignatz Rosenberg against the People's Surety Company of New York.   Judgment upon a verdict for plaintiff, and defendant appeals from the judgment.   Judgment reversed, and new trial granted.

See, also, 124 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

F. Sidney Williams, for appellant.

Harry G. Anderson, for respondent.

SCOTT, J.   Appeal by defendant from a judgment upon a policy of burglar insurance.   The policy upon which it is sought to recover contained certain conditions, which it was agreed were to be construed as conditions precedent to any recovery.   Among them were the following: That the company should not be liable (1) "unless there are visible marks upon the premises of the actual force and violence used in making entry into the said premises or exit therefrom";

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

125 N.Y.S.—17

and (4) "if the books and accounts of the assured are not so kept that the actual loss may be accurately determined therefrom." Although a motion for a new trial was duly made after the rendition of the verdict, and an order entered denying such motion, the defendant appeals from the judgment only, thus limiting us to a review of the question of law raised by exception.

There is perhaps some evidence, although of the most unconvincing character, that the premises showed visible marks of violence used in making entry or exit; but there is absolutely no evidence that the assured kept such books and accounts as are called for by the policy. On the contrary, all the evidence is that he did not. As a matter of law, therefore, the complaint should have been dismissed upon this ground. Motions to that effect were duly made, and their denial excepted to. The plaintiff undertook to make up his proof of loss by estimating from the marks upon certain empty paper wrappers and pasteboard boxes the extent and value of their contents, which, as he alleged, had been stolen. From these marks he called off amounts and values to his sister-in-law, who made a list of them. This list was given to an insurance broker, who made one typewritten copy, which was attached to the proofs of loss, and one carbon copy. He then returned the original list to plaintiff. On the trial the plaintiff was allowed to use and read in evidence the carbon copy, without producing or accounting for the original list of which the carbon purported to be a copy. This was clearly erroneous, even if the original list, if produced, would have itself been admissible, a question which we are not now called upon to meet.

It was claimed that the burglar entered the plaintiff's store by means of the transom over the door, and proof was received that other stores on the same street had been thus entered at various times. Of course, this evidence was wholly irrelevant, and did not tend to prove that a burglary had been effected upon plaintiff's premises, as he claimed. Its reception was error, and we cannot say that it did not serve to induce the verdict.

Finally, the court took from the jury all questions as to the amount of the plaintiff's loss, instructing them that, if they found for plaintiff at all, it must be for a stated figure. This, again, was erroneous; for the plaintiff's loss, if he suffered one, was far from having been exactly shown by the proofs of loss and the evidence upon the trial. Even if the jury had been of opinion that the plaintiff was entitled to recover something, the amount of his proved loss involved a question of fact upon which, on the evidence, there might well have been a difference of opinion.

These errors were all properly called to the attention of the court by timely objection, and exception. They are therefore before us for consideration, and require a reversal of the judgment.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.