## SPRINGFIELD FIRE & MARINE INS. CO. v. J. T. WILSON CO.
### No. 6268.

Circuit Court of Appeals, Sixth Circuit.
Nov. 7, 1933.

J. Louis Kohl, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for appellant.

John E. Shepard, of Covington, Ky., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This was an action upon a policy of fire insurance whereby defendant (appellant) agreed to indemnify plaintiff (appellee), to an amount not exceeding $9,000, against all direct loss and damage by fire to the "use and occupancy" of plaintiff's business property. Under the provisions of the policy, the insured was entitled to recover the net profits which, but for the fire, would have been earned, and also fixed expenses theretofore earned in connection with such business, but which, because of the fire, the insured was prevented from earning during a given period. In other words, during the permissible period, net profits were to be kept upon the same plane as before the fire, without decrease either by reason of inability to continue the business in the property or by reason of fixed charges which could not be earned until the property was restored to its former condition.

The policy, of course, contains a great number of conditions. It is not drafted with specific reference to use and occupancy insurance, but was obviously intended to cover fire risks to physical property generally. The defendant contends that the plaintiff has failed to comply with the conditions imposed in a number of respects. Thus it is urged that there has been a failure to comply with the condition which reads: "The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as required, shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made."

The fire occurred on July 4, 1929. In it, all books, papers, invoices, accounts, bills, and other vouchers were consumed. Proof of loss was mailed to defendant on August 22, 1929, and was received August 26, 1929, within the sixty days stipulated by the policy. On October 21, 1929, the defendant made a blanket demand for the submission to defendant's adjuster of all bills, invoices, and vouchers pertaining to its business, or "certified copies thereof if originals be lost." Thereupon the defendant was advised of the situation and of the willingness of the insured to submit to examination, to produce whatever papers were available or could be secured, and otherwise to co-operate to the fullest extent. This was not satisfactory to the insurer, which simply kept reiterating its demand for inspection of books and papers in the language of the policy. Doubtful of being able to reach any agreement within the year within which suit was required to be brought, if at all, under the policy provisions, plaintiff began the present action on June 9, 1930. On June 19, 1930, defendant demanded that plaintiff comply with the policy provision that it submit to examination of one of its officers under oath. In compliance with such demand Streutker, plaintiff's president, submitted to full and complete examination. After this testimony was transcribed, however, there was a dispute as to some claimed inaccuracies, and the transcript was never subscribed. For the reasons stated, defendant now claims that the action was premature. Defendant also claims that the evidence is insufficient in quality and amount to justify the recovery which was had. These three alleged grounds for reversal constitute the only claims of appellant which were presented upon oral argument.

The claims of technical breach of the conditions of the policy are, in our opinion, wholly without merit. In the clause quoted the words "bills, invoices, and other vouchers," manifestly refer to the means for ascertaining the value of property destroyed by fire and covered by standard fire policies. These words would seem to have no legitimate place in a use and occupancy policy. However, the production of books of account, showing the result of previous operations, would be pertinent to a use and occupancy risk. In respect of the failure of the insured to produce these books of account upon demand, we concur in the many expressions of judicial opinion that it was sufficient answer to such demand that the books had been destroyed without the fault or the design of the insured. Liverpool & London & Globe Ins. Co. v. Kearney, 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460. Cf. Central National Fire Ins. Co. v. Black, 220 F. 8 (C. C. A. 9); Bumstead v. Dividend Mu-

428

tual Ins. Co., 12 N. Y. 81. It seems to us that the most that can be required of an insured under such circumstances is that he shall co-operate to produce the best proofs available. His policy should not be forfeited, other conditions being complied with, upon less than a clear demonstration of culpable negligence suggesting design. Nothing of that kind appears in the present case, and we are further of the opinion that there has been a substantial compliance with the requirements of this section in so far as all that was available or reasonably obtainable was apparently produced.

What we have already said also applies to the condition requiring the insured to submit to an examination under oath. It will be noted that this request was not made until after suit was brought and that it was complied with, with the exception that the transcript was not subscribed. We cannot conceive of any prejudice to the defendant by reason of this failure, for the stenographer and officer who took the testimony could have been and was called to prove whatever statements were in fact made. Subscription was a formality which, it is true, was stipulated, but from a lack of which prejudice does not necessarily follow. So, here, we see no prejudice to defendant and we must regard the provision as having been substantially complied with.

Upon the remaining issue, it is only necessary to say that we have carefully examined the proofs contained in the record, and are of the opinion that there is ample evidence to sustain the judgment rendered. Here again it may be said that the amount of liability is not shown with mathematical precision, but there were sufficient proofs to take the case to the jury and to justify the jury, if the evidence was believed, in rendering a verdict in the amount returned. We are therefore of the opinion that the judgment of the District Court should be affirmed.

It is so ordered.