ANNIE ASSIN, PLAINTIFF-RESPONDENT, v. THE TRAV-
ELERS INDEMNITY COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October 12, 1934—Decided February 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Sam Weiss.*

For the defendant-appellant, *Mahlon M. Meier.*

The opinion of the court was delivered by

CASE, J. Plaintiff sued upon a policy issued by the defend-
ant company insuring the plaintiff against loss by robbery in
the grocery and meat market conducted by the assured at

11 Johnson avenue, Cranford. The court, sitting without a jury, gave judgment to the plaintiff in the amount of $225. Defendant appeals and presents three specifications of error.

The first specification is that the court denied appellant's motion for a nonsuit based on the following grounds: (a) That plaintiff-respondent had failed in making *prima facie* proof of any loss occasioned by burglary within the terms of the policy issued by appellant to plaintiff-respondent and (b) that plaintiff-respondent had admitted that no books or accounts were kept by plaintiff as required by the terms of said policy as a condition precedent to appellant's liability thereon. The first subdivision is made to rest upon the policy provision that the abstraction of property must be consequent upon entry "by actual force and violence * * * of which force and violence there shall be visible marks made upon the exterior of the premises at the place of such entry, by tools, explosives, electricity or chemicals." We find that there was evidence to take that question to the jury. It is not material that the evidence came in on defense. A ruling denying a motion for nonsuit, erroneous at the time it is made, may be cured by subsequent proofs. *McGee* v. *Kraft,* 110 *N. J. L.* 532.

The second subdivision of the first point depends upon the following policy provision: "The company shall not be liable for loss of or damage to any property unless books and accounts are kept by the assured in such manner that the company can accurately determine therefrom the amount of loss or damage." Whether such policy provisions constitute conditions precedent or conditions subsequent (*Center Garage Co.* v. *Columbia Insurance Co.,* 96 *N. J. L.* 456) or are not conditions at all, as that expression is technically used, is not material. The quoted sentence is an effective part of the insurance contract. It was construed (although its application was denied) in *Michler* v. *New Amsterdam Casualty Co., Inc.,* 104 *Id.* 30; *affirmed, Ibid.* 663, as follows:

"* * * such a provision * * * leads us to the view that the plain meaning of the provision is that when it becomes necessary to accurately determine a loss by robbery

and it appears that the keeping of books and accounts is material and necessary in order to attain that end, then in such a case the failure to have complied with provision (d) operates to defeat any liability for loss on part of the company."

It is clear from the testimony of the plaintiff, Annie Assin, and from that of her son, Harry Assin, who assisted her in running the store, that no books were kept tending in any degree to enable either the insurer or the insured to determine accurately, or even loosely, the amount of loss or damage. The reference by Mrs. Assin to "customers' books" does not sustain a legitimate inference in her favor on the subject of the books required by the contract. There was not, and never had been, an inventory. There was no record of the purchases. There were no books, or data in the nature of books, from which anyone could tell what goods were on hand at any particular time. The items of loss claimed were compiled by the son, according to his testimony, from memory of what had been on the shelves, without the existence of anything in writing from which the insurer might make check upon the accuracy or honesty of the claim. The claim was for numerous detailed items of cigarettes, smoking and chewing tobaccos, fresh and smoked meats and men's furnishings. The fact of the burglary and the extent of the loss were in dispute. That situation clearly and without contradiction appeared at the close of the plaintiff's case. It was such a situation as, by the terms of the contract, relieved the insurer from liability. The testimony came from the plaintiff and her son (sole witness as to loss and damage), the only persons who, under the circumstances, would have direct knowledge of the keeping of store records. The motion for nonsuit, challenging, like a demurrer, the legal sufficiency of the evidence, fastened upon that testimony, which was in the nature of an admission, with the result that, assuming all proofs favorable to the plaintiff to be true, the plaintiff could not prevail. The burden of proving the plaintiff's violation of the policy obligation was upon defendant; but so, when contributory negligence is involved, is the burden of proving

such negligence, and when from the plaintiff's own showing contributory negligence appears a nonsuit is granted. *North Hudson Co.* v. *Flanagan,* 57 *N. J. L.* 696. We conclude that the refusal of the nonsuit was error.

The second specification depends for its efficacy upon a factual finding that the assured had not sustained, and had not received indemnity for, any loss or damage by burglary, robbery or theft within the five years preceding the policy date. We think that the proofs presented a factual question, the determination of which was within the discretion of the trial judge.

The third specification—"The court entered judgment in favor of the plaintiff-respondent against the defendant-appellant"—is too general to be of avail upon appeal. *Eckert* v. *Nazzaro,* 109 *N. J. L.* 136. Supreme Court rule No. 145 requiring an appellant to file a specification of determinations or directions of the District Court with respect to which he is dissatisfied in point of law compares with rule No. 139 considered in the *Eckert* case in so far as the application of *Pamph. L.* 1916, *ch.* 62, to the specification under discussion is concerned.

The judgment below will be reversed.