GREEN'S HOTEL, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. COMMERCIAL CASUALTY INSURANCE COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Argued May 1, 1950—Decided May 15, 1950.

*Mr. Lawrence Friedman* argued the cause for the appellant (*Mr. David E. Bernstein,* attorney).

*Mr. Raymond W. Troy* argued the cause for the respondent (*Mr. Vincent P. Biunno*, on the brief; *Messrs. Lum, Fairlie & Foster*, attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.   The plaintiff is appealing from a judgment of the Law Division of the Superior Court in favor of the defendant after trial without a jury.   The appeal, taken to the Appellate Division of the Superior Court, has been certified by this court on its own motion.

The plaintiff corporation was engaged in the hotel business in West Orange, New Jersey, and it was insured by the defendant for losses resulting from burglary.   On July 7, 1947, while the policy admittedly was in force, burglars broke into the hotel and removed a safe and its contents.   The plaintiff claimed that among other items the safe contained, when stolen, $2,600 in currency, the property of its officers, Irving Green, Lee Green and Lena Green, in the respective amounts of $1,000, $1,000 and $600.   This money was allegedly kept in the safe along with money of hotel guests and employees. Although the plaintiff maintained thoroughly adequate records by card files, kept outside the safe, of the money and other valuables deposited with it by guests and employees, it made no similar records of the money in the safe belonging to its officers.   As to this money the only record that the plaintiff asserted ever existed consisted of notations made on the very envelope in which the money was alleged to have been kept. Neither the money nor the envelope containing it was recovered when the safe was later found, opened and empty.   At the trial the plaintiff introduced certain checks, bank books and other records, none of which even purported to show that any money was on hand at the date of the burglary, let alone in the safe.

The defendant denied liability on the ground that the insured had failed to keep any records from which the loss could be determined with accuracy, as required by the policy:

"The insured shall keep records in such manner that the Company can accurately determine therefrom the amount of the loss."

The pretrial order stated that the "defense primarily is under the contract that the plaintiff did not keep records called for under the contract." The parties agreed that the only question involved was one of law and waived a jury trial. The trial judge, after hearing the plaintiff's case (the defendant offered no evidence) entered judgment for the defendant on the ground that the insured had failed to comply with the terms of the policy by keeping and producing adequate records. From this decision the plaintiff has taken this appeal.

There is only one issue here: did the plaintiff in the light of all the circumstances of the case comply with the quoted provision of the policy? The plaintiff relies heavily on *Michler v. New Amsterdam Casualty Company,* 104 *N. J. L.* 30 (*Sup. Ct.* 1926); affirmed, 104 *N. J. L.* 663 (*E. & A.* 1928), where an illiterate owner of a one-man restaurant who was held up, gagged and tied, by two armed men, was allowed to recover $450 cash taken from his person and $50.30 taken from his cash register on a policy containing a similar provision, despite the fact that he had no records thereof except as the cash register summed up his daily receipts. This case is readily distinguishable from the present one, for there it would not be feasible for the assured to keep records of the individual sales of coffee and sandwiches in his restaurant other than by the cash register. Here, on the contrary, the plaintiff had a well planned system of records to account for the valuables of its guests and employees that were kept in its safe. Its officers, however, failed to conform to the plaintiff's own system. As Irving Green, one of its officers, testified, "It was personal money and we were probably just a little careless." That admission points to the inevitable disposition of this appeal, not on the ground of negligence but for failure to conform to the terms of the policy.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD and BURLING—5.

*For reversal*—None.