Samuel PAPER et al., Appellants,

v.

BOSTON INSURANCE COMPANY, Appellee.

No. 13433.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1956.

Decided Jan. 24, 1957.

Mr. Mark Friedlander, Washington, D. C., for appellants.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher, Julian H. Reis and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and BURGER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellants, as partners, owned and operated a retail grocery and liquor store.

They took out with appellee, an insurance company, a policy known as a mercantile open stock burglary policy. This was a special form of protection, not a blanket burglary policy. The coverage was specified in the contract as indemnification for loss by burglary, defined to mean "the felonious abstraction of such property from within the Premises, by any person or persons making felonious entry therein by actual force and violence when the Premises are not open for business, of which there shall be visible marks made upon the exterior of the Premises at the place of such entry by tools, explosives, electricity or chemicals." The policy also provided that "The Company shall not be liable for loss or damage: * * * unless records are kept by the Insured in such manner that the Company can accurately determine therefrom the amount of loss or damage".

In May, 1953, one of the appellants looked at the stock of goods in the storeroom and told the firm's auditor that the stock on hand was less than the amount shown on the monthly audit report. On May 31st the customary annual inventory was taken and was less than the audit report. In July of that year another partner visited the store on a Sunday, when it was closed, and later testified that for the first time he discovered a skylight or manhole in the roof over the second floor of the stockroom of the store, and also discovered that this opening had been broken through. He said he also found some empty whiskey bottles in the second-floor loft. Police and the insurance company were notified. Police records show a report of a loss of three pints of whiskey on July 26th and thereafter, on August 18th, a report that according to an inventory by an accountant $5,900 in whiskey and $1,200 in candy, etc., were missing. On September 23, 1953, appellants executed a "proof of loss" for $7,119.46 against the insurance company. Thereafter they brought a civil action for $5,000, the full face amount of the policy.

The case went to trial before a jury, and at the conclusion of the plaintiffs'

case the court directed a verdict for the defendant. The court doubted that the requirement of the contract respecting visible evidence of outside breaking had been met and was certain that the requirement as to records for the accurate determination of loss had not been met. We have examined the record and deem it unnecessary to recite the accounting data presented in the evidence upon the latter point. The sum of it was that a reduction suffered by the plaintiffs in the percentage of their gross profits over a period of time was attributed by them to loss of inventory. There was, as the trial court pointed out, no indication that any shortage was caused by any particular burglary, or at what time the shortage, if any, occurred, or what goods were missing. We agree with the District Court on the point, and this is dispositive of the case. We add that we fail to find in the record evidence of felonious entry when the premises were not open for business, or of any visible marks upon the exterior of the premises, as the contract requires. The trial court said, "The Court doubts, therefore, whether this first requirement has been complied with." We agree with the trial judge.

Affirmed.