## 42621. KAPLAN v. FIREMAN'S FUND INSURANCE COMPANY.

SUBMITTED MARCH 6, 1967—DECIDED MARCH 9, 1967.

*Lewis & Javetz, Emanuel Lewis,* for appellant.

*Brannen, Clark & Hester, Perry Brannen,* for appellee.

EBERHARDT, Judge. The insurance company's motion for directed verdict was based upon three grounds, all relating to the provisions of the insurance contract. We need only consider one of these grounds to affirm the judgment below.

The liability of the company under the contract is, by its terms, made subject to the conditions stated therein. Condition 5 provides: "Books and records. The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss."

It is admitted in the brief for the insured that "[i]f an in-

sured keeps no books, the insurance company has a complete defense to an action on a policy requiring records." The insured contends, however, that if he did in fact keep books and records, then the adequacy of his records required by the policy is a matter for determination by a jury, citing *American Cas. Co. v. Cohen*, 40 Ga. App. 593 (151 SE 56) and Lumbermen's Mut. Ins. Co. v. Johnson Lumber Co., 53 F2d 940 (5th Cir.).

The insured did maintain a set of books or business records from which the amount of cash taken from the safe could be determined. But it is undisputed that there is no record of any kind relative to the diamond ring—nothing as to when or from whom it was acquired, the weight, cut or quality of the stone, its cost or value. Perhaps the record-keeping requirement of this policy does not demand all of this, but no records simply cannot be equated with adequate records for determining the amount of the loss, and as to property on which no records were made and kept there is no insurance. Cf. *Continental Ins. Co. v. Binford-Sutton Drug Co.*, 33 Ga. App. 111 (125 SE 384).

Condition 5 of this policy cannot be circumvented by an assertion that there is no place in the ordinary set of business records where personal items might be appropriately entered, and that it would be "most unusual" to expect a merchant to keep a record of personal items customarily kept in his safe on his business premises. Condition 5 does not require records of inventory, cash on hand, accounts receivable, fixtures, or assets—it requires records of "all the *insured property*." If the ring was to be "insured property" within the meaning of the insurance contract, as insured contends it was, then he must have made and kept a record of it "in such manner that the company can accurately determine therefrom the amount of loss." This is his contract.

The contention that the court erred in not submitting to the jury the question of whether the business records kept by the insured were adequate is without merit, and the court did not err in directing the verdict and entering judgment thereon.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*