PER CURIAM.
The appellant suffered a loss by burglary. It made a claim upon the appellee under an insurance policy which covered losses by burglary. Appellee denied coverage, and the appellant filed the instant action upon the policy.
The first amended complaint sought to require the appellee to proceed with an appraisal of appellant’s loss under a provision of the policy which provided for appraisal of loss by an appraiser appointed by the insured and an appraiser appointed by the company, together with an umpire selected by the two appraisers. This complaint was dismissed upon motion of the appellee.
A motion to dismiss the second amended complaint was granted by the court “insofar as said complaint attempts to obtain an appraisal”, but that portion of the complaint praying for a money judgment was retained for adjudication. Appellee’s answer included as an affirmative defense the following allegation:
“That under the conditions of the policy of insurance among other things it provided:
‘4. Books and Records: The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss.’
That such a condition is precedent to recovery and that the plaintiff either failed to keep such books and records, or has failed and refused to present books and records that it maintained as would enable the defendant to accurately determine the amount of loss, if any, claimed to be sustained by the plaintiff.”
After discovery proceedings the trial judge granted appellee’s motion for summary judgment and set forth the grounds for his order as follows:
“3. The Court finds that the policy of insurance herein sued upon contains conditions and in particular condition No. 4 reading: [see above]. According to the deposition of Charles F. Taylor, he had no invoices, conducted all transactions strictly for cash, and the only record of any sort he kept consisted of one book wherein plaintiff entered purchases from time to time but this book was kept in a filing cabinet which was stolen with the rest of the goods alleged by him to have been stolen.
“4. In addition to the findings based upon the deposition of Charles F. Taylor, it was represented to the Court in open court by plaintiff’s counsel that upon a trial before a jury the plaintiff would have no records to establish its alleged loss and that the entire alleged loss would have to be established by parol testimony.
“5. The parties by their contract provided the means by which the loss could be established, to-wit, by means of records without having to rely upon the parol testimony. To do otherwise would put the defendant in the position of having to accept the parol testimony of the plaintiff’s officers or witnesses who would recite their recollections of past events without any opportunity whatsoever to either prove or disprove any element of their testimony.
“The Court, therefore, finds that the provisions of condition number 4 of the policy requiring the insured to keep such records that the amount of loss under the policy could be accurately determined by the company is a reasonable requirement and the plaintiff is unable to meet this condition as stated to the Court by plaintiff’s counsel.”
Appellant’s first point claims error upon the dismissal of the first amended complaint for enforcement of the provisions of the policy relating to an appraisal and the court’s subsequent order dismissing that portion of the second amended complaint. We hold that no error has been demonstrated under this point because the policy which was attached to the complaint *402 clearly shows that the appraisal provision does not apply where there is a dispute as to coverage. The provision by its terms applies only where there is a dispute as to the amount of the loss.
Appellant’s second point urges that the court erred in holding as a matter of law that appellant was barred by the policy from presenting parol evidence, for a determination of the amount of his loss. The tenor of the trial court’s holding is that the pleadings, depositions, and interrogatories establish without genuine issue of material fact that appellant cannot produce the books and records he was required to keep or any other written evidence of the amount of his loss. This fact is not controverted upon this appeal. The trial judge thereupon concludes that the policy of insurance because of the inclusion of the requirement for the keeping of books and records must be construed as barring parol testimony to establish the loss.
There is no doubt that similar provisions of insurance policies have been construed by the courts to bar recovery where the policyholder fails to keep records. See 5 Appleman, Insurance Law and Practice § 3024. But upon the motion for summary judgment it did not appear without issue that appellant failed to keep books and records. Upon the contrary the testimony of the appellant upon deposition was that he did keep a record and that the record was stolen in the burglary.
If the insurance company had intended “Condition 4” to mean that the books and records were the exclusive means of proving loss, then it could have easily said that in the policy. The plain meaning of the one sentence condition is that records must be kept. A subsequent paragraph in the conditions portion of the policy requires that upon the company’s request a claimant under the policy shall “produce for the company’s examination all pertinent records” (emphasis added).
We do not think the foregoing conditions construed together mean that no action can be maintained unless the appellant’s records are capable of being produced. If an insured can establish that proper records were kept and that the records cannot be produced through no fault of his own, he is not as a matter of law barred from attempting to establish the loss by the best available proof. See German Alliance Ins. Co. v. Newbern, 25 Okl. 489, 106 P. 826, 28 L.R.A.,N.S., 337 (1910); Schlussel v. Commercial Casualty Ins. Co., 237 Mich. 182, 211 N.W. 749, 752 (1927); Springfield Fire & Marine Ins. Co. v. J. T. Wilson Co., 67 F.2d 426 (6th Cir. 1933).
Therefore the summary final judgment is reversed and the cause remanded for further proceedings. The order dismissing the prayer for an appraisal is affirmed.
Affirmed in part, reversed in part, and remanded.