Per Curiam.

The insurance contract upon which plaintiff has recovered judgment for an alleged loss by burglary of some $4,800 worth of ladies’ watch bracelets, was issued on plaintiff’s express written representation in the application for the policy that it kept “ a detailed stock record ” and took “ a physical stock inventory semi-annually.” The insurance policy issued to plaintiff upon that written application embodied that representation as a condition to be performed by plaintiff, in the following language: “ It is a condition of the insurance that: (A) The insured will maintain a detailed and itemized inventory of his or their property * * in >such manner that the exact amount of loss can be accurately determined therefrom by the Company.”
*564 In the course of defendant’s investigation of the claim of loss, as well as on the trial, plaintiff could produce no regularly kept business record detailing and itemizing its goods on hand before the burglary, from which the existence in stock of the stolen items could be established; nor could it produce any similar matching record of an inventory made after the burglary by which the loss of the items could be demonstrated; nor could it produce any such record from which replacement value, in terms of amount and cost of raw materials and cost of manufacture, of the stolen items could be determined.
Such records, purporting to fulfill the condition of the insurance contract as were produced, did not begin to approach the character of the records called for. They were mere generalized descriptions, dated .six months apart, of the-bulk character of less than a dozen categories of unitemized goods and materials carried by plaintiff, with lump sum statements of value for each category, and an unexplained gross decrease in total values of $4,865. There was no reference to any category of ladies ’ watch bracelets, no less any .specified quantity of such articles, nor any notation from which the existence of such items in stock before or after the burglary, could in any way be even approximated. In the context of the condition of the insurance contract, they were the equivalent of no records.
The trial court erroneously found that plaintiff had substantially performed the express, material condition of the contract of insurance on its part to be performed, requiring the keeping of sufficiently itemized inventories from which the amount of loss could be determined, and erroneously awarded damages based on sale value, including a profit of 8% to 12%, rather than an award based on reproduction and replacement value.
While the condition requiring the insured to maintain inventory records from which a loss can be determined in insurance contracts, similar to the one here in suit, is not narrowly construed in New York to defeat an otherwise valid claim (Licht v. New York Ind. Co., 250 N. Y. 211), and while no special or .sophisticated system of bookkeeping is required (Lenzner v. Nat. Sur. Co., 209 App. Div. 464), nevertheless the records in and of themselves should be sufficient to disclose to the insurer the extent of its liability, independently of any need to resort to evidence outside the records to explain the records other than might be necessary to disclose the bookkeeping methods employed (Harris v. General Acc. Fire & Life Assur. Corp., 187 N. Y. S. 291; 30 N. Y. Jur., Insurance, § 1041, pp. 417-418).
Proof of plaintiff’s failure to keep reasonably adequate records from which the loss and replacement value of the missing *565 items could be ascertained, in accordance with the express condition of the insurance contract, liberally construed, is fatal to plaintiff’s cause.
The judgment should be reversed and complaint dismissed, with $30 costs.