285 So.2d 908 (1973)
MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Defendant/Appellant,
v.
Kermit LINDSEY, d/b/a Van Winkle Auto Repair Shop, Plaintiff/Appellee.
No. 47220.
Supreme Court of Mississippi.
November 26, 1973.
*909 Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for defendant-appellant.
Sullivan, Sullivan & Keyes, S. Smith Bonner, Jackson, for plaintiff-appellee.
PATTERSON, Justice:
This suit was filed in the County Court of Hinds County by Kermit Lindsey, doing business as Van Winkle Auto Repair Shop, hereinafter Lindsey, against Michigan Millers Mutual Insurance Company, hereinafter Mutual, to recover for a burglary loss. The county court rendered a judgment for Mutual and Lindsey appealed to the circuit court where the county court judgment was reversed and judgment entered for Lindsey. Mutual then appealed to this Court.
In September 1970 Mutual issued a policy of insurance to Lindsey for a period of three years insuring his property against loss from burglary to the sum of $1000. Thereafter Lindsey's place of business was burglarized of tools and equipment in excess of the policy amount. After notice of loss, Mutual refused to pay for the reason Lindsey wholly failed to comply with the following provision of the policy:
4. Books and Records: The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss.
The items lost by the burglary were automobile tools used by Lindsey in his business. The coverage afforded by the policy did not and was not intended to cover merchandise subject to rapid turnover necessitating a constantly updated detailed inventory. Since it was suggested in argument that Condition "4" is ambiguous, harsh, unreasonable and, if applied, lends itself to forfeiture, a brief summary of the decisions of other courts appertaining to identical "conditions" in insurance policies seems to the writer to be appropriate absent *910 direct authority from this Court on the point.
The issue is whether the condition was reasonable so that Mutual could accurately determine the loss for which it was liable to the insured. Several courts have held the condition to be reasonable in policies with an identical clause in cases arising from loss incurred by burglary, robbery or loss by a dishonest employee. In each of them at least substantial compliance with the condition was found necessary and reasonable for the purpose of affording accuracy and fairness in determining the amount of loss. The cases are: Charles Taylor Marine, Inc. v. State Farm Fire & Casualty Co., 234 So.2d 400 (Fla. App. 1970); Jonette Jewelry Co. v. Liberty Mutual Ins. Co., 105 R.I. 308, 251 A.2d 521 (1969); Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark, 406 F.2d 118 (7th Cir.1969); Kaplan v. Fireman's Fund Ins. Co., 115 Ga. App. 365, 154 S.E.2d 726 (1967); Hammond v. Globe Indemnity Co., 193 So.2d 319 (La. App. 1966); Standard Accident Ins. Co. v. Ponsell's Drug Stores, Inc., 57 Del. 485, 202 A.2d 271 (1964); Weinstein v. General Accident Fire & Life Assurance Co., 141 So.2d 318 (Fla.App. 1962); Green's Hotel, Inc. v. Commercial Casualty Ins. Co., 4 N.J. 517, 73 A.2d 349 (1950); and Pruzan v. National Surety Corp., 223 S.W.2d 8 (Mo. App. 1949).
Other cases from various courts have considered similar claims arising under policy conditions nearly identical to that involved, and again the resonableness of the provision was upheld and substantial compliance required.[1]
The cases of Stewart v. American Home Fire Insurance Co., 211 Miss. 523, 52 So.2d 30 (1951), and Georgia Life Insurance Co. v. Friedman, 105 Miss. 789, 63 So. 214 (1913), are substantially in accord though the loss in the former case does not arise from a loss by theft.
We are persuaded by these authorities and the fundamental right of contract that the terms evidencing a valid agreement must be enforced by the courts. Each party to a contract usually has important rights hinged to the terms agreed upon and if not contrary to law or public policy, the courts must enforce them as written. These rights are basic to a free business community. Without enforcement reasonable *911 commitments knowledgeably agreed upon would become nullities to the injury of business and the community. World Fire & Marine Ins. Co. v. King, 187 Miss. 699, 191 So. 665 (1939). We therefore conclude that Condition "4" of the policy is reasonable for the accurate determination by Mutual of its obligation to Lindsey.
In responding to Mutual's contention that he did not maintain a record of the insured property, admitted by Lindsey, he contends that Mutual waived compliance therewith and is thereby estopped from asserting noncompliance as a basis for refusing payment. This theory is advanced upon two premises, first, that the soliciting agent waived the condition at the inception of the policy and second, after loss, the insurance adjuster waived the condition by his actions in processing the claim.
In World Fire & Marine Insurance Co. v. King, 187 Miss. 699, 191 So. 665 (1939), we held that an important provision of an insurance contract could be waived, but required the proof of waiver to be clear and convincing. The terms of Condition "4" of course vitally affect the right of Mutual to ascertain its loss. This necessitates weighing the evidence before us to determine if it be clear and convincing. Lindsey testified without contradiction to the following:
Q. Now, taking you back to the time you took out the insurance policy originally, did the company send an agent out to inspect the premises then?
A. When I called the company to inquire of the policy, he sent the agent out on my premises. He investigated the buildings, the lights, inspected the tools and equipment and everything we had. Also, he made the requirement, I might state, for me to change the door. We had a door in the front that the wood was bad on and he requested that I replace the door and it was replaced.
Q. Did he ask you if you had an inventory of the tools and equipment?
A. No, sir, he looked the place over and checked everything we had, himself.
From the above it is contended that Mutual had knowledge that Lindsey maintained no records and by issuing the policy waived the condition, citing Big Creek Drug Co. v. Stuyvesant Insurance Co., 115 Miss. 333, 75 So. 768 (1917); Fidelity-Phenix Fire Insurance Co. v. Redmond, 144 Miss. 749, 111 So. 366 (1916); and Continental Insurance Co. v. Thrash, 223 Miss. 344, 78 So.2d 344 (1955). An examination of these cases, however, reveals a quite different factual situation. In each of them the agent knew at the time the policy was issued and delivered that the insured either did not have an iron safe to keep his records in or that gasoline was stored in the building insured contrary to policy requirements.
In this case there is nothing indicative of knowledge by the agent that Lindsey did not keep records and a list of the automotive tools unless it can be stated that since none was observed in the repair shop and no questions were asked concerning such, an inference or presumption was created by these negatives. We are unable to state from the evidence and the presumption, if there be such, that this clearly and convincingly negates the likelihood that records were kept by Lindsey upon his person, in his home or elsewhere. We therefore, conclude that Lindsey failed to establish a waiver whereby Mutual was estopped from asserting its defense.
The next point urged is that the process of adjusting the loss constituted a waiver. Mutual directed an adjuster to process Lindsey's claim after it was notified of the loss. According to Lindsey, the adjuster came to his place of business on several occasions during the course of which he obtained a list of the stolen goods, prepared after the loss, as well as a *912 "Proof of Loss" document executed by Lindsey. He stated that no inquiry was made of him with reference to records maintained prior to the burglary. Again, we think this evidence insufficient to constitute a waiver of Condition "4" above and especially so in view of that appearing in bold letters on the "Proof of Loss" document just above Lindsey's signature:
IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK TO THE INSURED OR THE PREPARING OF PROOFS BY AN ADJUSTER, OR ANY AGENT OF THE ABOVE COMPANY, IS NOT A WAIVER OF ANY RIGHTS OF SAID COMPANY.
The judgment of the circuit court on appeal is vacated and the judgment of the county court denying liability is reinstated.
Reversed and rendered.
All Justices concur.
NOTES
[1] Globe Jewelry Inc., v. Pennsylvania Ins. Co., 72 Misc.2d 563, 340 N.Y.S.2d 295 (1973); Damron v. Fireman's Fund Ins. Co., 430 S.W.2d 956 (Tex.Civ.App. 1968); Romano v. Southern Marine & Aviation Underwriters, 142 So.2d 568 (La. App. 1962); S. & M. Lamp Co. v. Lumbermen's Mutual Casualty Co., 199 Cal. App.2d 446, 18 Cal. Rptr. 633 (1962); Miller v. American Bonding Co. of Baltimore, 319 S.W.2d 530 (Mo. 1958); Paper v. Boston Ins. Co., 100 U.S.App.D.C. 178, 243 F.2d 601 (1956); American Mutual Liability Ins. Co. v. Thomas & Howard Co., 233 F.2d 215 (4th Cir.1956); Pelitsie v. National Surety Corp. of New York, 272 Wis. 423, 76 N.W.2d 327 (1956); National Surety Corp. v. Smock, 204 Okl. 265, 228 P.2d 659 (1951); Sirhan v. Liberty Mutual Ins. Co., 362 Pa. 195, 66 A.2d 831 (1949); Accident & Casualty Ins. Co. v. Lasater, 32 Tenn. App. 161, 222 S.W.2d 202 (1949); Standard Accident Ins. Co. v. Southwestern Trading Co., 154 F.2d 259 (5th Cir.1946); General Accident, Fire & Life Assurance Corp. v. Schero, 151 F.2d 825 (5th Cir.1945); Cox v. Aetna Casualty & Surety Co. of Hartford, Conn., 286 Ill. App. 515, 3 N.E.2d 964 (1936); Assin v. Travelers' Indemnity Co., 114 N.J.L. 425, 176 A. 713 (1935); Gorson v. Aetna Accident & Liability Co., 283 Pa. 558, 129 A. 590 (1925); New Amsterdam Casualty Co. v. Iowa State Bank, 1 F.2d 196 (8th Cir.1924); Garten v. General Accident, Fire & Life Assurance Corp., Ltd. of Perth, Scotland, 206 App.Div. 154, 200 N.Y.S. 546 (1923); Weinstein v. Globe Indemnity Co., 277 Pa. 388, 121 A. 316 (1923); Fidelity & Deposit Co. of Maryland v. Wood, 88 Okl. 95, 212 P. 132 (1923); Harris v. General Accident, Fire & Life Assurance Corp., 187 N.Y.S. 291 (1921); Horwitz v. United States Fidelity & Guaranty Co., 95 Wash. 455, 164 P. 77 (1917); Wolowitch v. National Surety Co. of New York, 152 App.Div. 14, 136 N.Y.S. 793 (1912); Rosenberg v. People's Surety Co. of New York, 140 App.Div. 436, 125 N.Y.S. 257 (1910); Beaird v. New Jersey Plate Glass Co., 157 Ill. App. 1 (1910); Pearlman v. Metropolitan Surety Co., 127 App.Div. 539 111 N.Y.S. 882 (1908); and Schwartz v. Metropolitan Surety Co., 113 N.Y.S. 66 (1908).