*671 In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 17, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“[A] contract is to be construed in accordance with the parties’ intent, which is generally discerned from the four corners of the document itself’ (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]). Accordingly, “ ‘when parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms’ ” (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004], quoting W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). “A condition precedent is ‘an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in [an] agreement arises’ ” (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995], quoting Calamari & Perillo, Contracts § 11-2 at 438 [3d ed]). “Express conditions are those agreed to and imposed by the parties themselves,” and they “must be literally performed” (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d at 690).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff failed to comply with the record-keeping requirements set forth in the subject insurance policy, which was a clear condition precedent to coverage (see generally Licht v New York Indem. Co., 250 NY 211 [1928]; Simon v State Natl. Ins. Co., 47 AD3d 701, 702 [2008]; Globe Jewelry v Pennsylvania Ins. Co., 72 Misc 2d 563, 564 [1973]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Mastro, J.P, Lott, Roman and Cohen, JJ., concur.