# United States Court of Appeals for the Fifth Circuit

No. 23-60546

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2024

Lyle W. Cayce
Clerk

Sɪɴᴊᴇʟ, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Oʜɪᴏ Cᴀsᴜᴀʟᴛʏ Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-419

---

Before Cʟᴇᴍᴇɴᴛ, Gʀᴀᴠᴇs, and Rᴀᴍɪʀᴇᴢ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Following denial of an insurance claim, Sinjel, L.L.C. sued its insurer, Ohio Casualty Insurance Company. The district court granted summary judgment for Ohio Casualty and dismissed the complaint. We AFFIRM.

**I**

In 2019, Sinjel purchased a commercial building ("the Property") in Jackson, Mississippi, which it intended to renovate. It purchased an

---

[*] This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

insurance policy ("the Policy") on the Property from Ohio Casualty that included builder's risk provisions to cover certain losses during construction. The Policy ran from April 15, 2020, to April 15, 2021. A "coverage limitation" in the Policy limited coverage to "a vacant 'existing building' for 60 consecutive days from the inception date of this policy unless building permits have been obtained and rehabilitation or renovation work has begun on the 'existing building.'" The Policy defined an "existing building" as "a building or structure that was constructed and standing prior to the inception of this policy and that will undergo renovation or rehabilitation." It is undisputed that the Property is an existing building to which the coverage limitation applies.

The Property was damaged by a fire in November 2020, and Sinjel filed a claim for the resulting loss on February 24, 2021. The next day, Ohio Casualty's adjuster met with Sinjel's sole member. The member told the adjuster that he had only discovered the damage a week earlier and, to his knowledge, no one had entered the Property since it was purchased. Sinjel admits that no building permits have been procured and no construction has commenced on the Property.

In March 2021, based on the coverage limitation and Sinjel's admission that it had not begun renovations, Ohio Casualty determined "there [was] no coverage for the damage" to the Property and denied Sinjel's claim. Ohio Casualty's denial letter expressly stated that the letter was "not intended to waive any defenses which are now, or which may hereafter become available" and "[did] not constitute a waiver of any term, condition, or exclusion of the insurance policy or any rights and defenses under the policy." Despite this denial and Ohio Casualty's knowledge that Sinjel had neglected to comply with the coverage limitation, Ohio Casualty renewed the Policy and continued to accept Sinjel's premium payments through September 2021, when it canceled the Policy.

No. 23-60546

Sinjel filed this suit against Ohio Casualty[1] in state court, alleging breach of contract, bad faith, and breach of fiduciary duties. It sought compensatory and punitive damages or, in the alternative, declaratory relief. Ohio Casualty removed the suit to federal court. Sinjel moved for judgment on the pleadings as to the issue of liability only. While the motion was pending, Ohio Casualty moved for summary judgment. It argued that the parties' rights and obligations under the Policy vested at the time of the fire, and because Sinjel admitted that no building permits had been acquired and no renovations had commenced within 60 days of the beginning of the policy term, no coverage existed at the time of the fire. Accordingly, Ohio Casualty argued, it was well within its rights to deny Sinjel's claim for coverage and no legal principle operated to interfere with that right. In response, Sinjel argued that Ohio Casualty had waived the right to enforce the coverage limitation by continuing to accept premium payments from April to September 2021.

The district court rejected Sinjel's waiver argument and granted summary judgment for Ohio Casualty. It also denied Sinjel's motion for judgment on the pleadings. This appeal followed.

## II

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We must draw all reasonable inferences and

---

[1] Sinjel also named Liberty Mutual Insurance Company and Pyron Group, Incorporated as defendants. They have since been dismissed from this action, and those dismissals are not challenged by Sinjel.

construe all evidence in the light most favorable to Sinjel as the nonmoving party. *See Rogers*, 755 F.3d at 353.

## III

Sinjel argues the district court erred in granting summary judgment to Ohio Casualty based on the coverage limitation. It contends, as it did before the district court, that Ohio Casualty waived its right to rely on the coverage limitation in denying Sinjel's claim.

## A

When, as here, the court's subject matter jurisdiction is based on diversity of citizenship, we apply the substantive law of the forum state. *Madison Materials Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 523 F.3d 541, 543 (5th Cir. 2008) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)) (applying Mississippi law). The Policy was issued in Mississippi, so we apply Mississippi substantive law. *See id.* (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003); *Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 400 n.1 (5th Cir. 1982)).

Mississippi recognizes the doctrine of waiver in the context of insurance contracts. "A waiver is a voluntary and intentional relinquishment of a known right or conduct that warrants an inference of such a relinquishment." *Highlands Ins.*, 688 F.2d at 404 (internal citations omitted). Mississippi courts have "held that an important provision of an insurance contract could be waived" so long as "the proof of waiver [is] clear and convincing." *Mich. Millers Mut. Ins. Co. v. Lindsey*, 285 So. 2d 908, 911 (Miss. 1973). But because "courts liberally construe in favor of an insured acts or circumstances by the insurer indicating an intention to waive" a policy provision, even "'slight circumstances' will support a finding that an insurer

4

has waived a . . . clause in an insurance policy."[2] *Highlands Ins.*, 688 F.2d at 404.

"The question of waiver is ordinarily one of fact," but where the material facts are undisputed, it can be resolved as a matter of law. *Larr v. Minn. Mut. Life Ins. Co.*, 924 F.2d 65, 66 (5th Cir. 1991). Waiver "must be intentional and based on knowledge of the relevant facts." *Id*. Nevertheless, in Mississippi, "an insurer may waive its right to forfeit or rescind an insurance policy by continuing the policy in force after learning of facts that would permit it to avoid the policy." *Highlands Ins.*, 688 F.2d at 404 (citing *Cas. Reciprocal Exch. v. Wooley*, 217 So. 2d 632, 636 (Miss. 1969)).

**B**

Sinjel argues that Ohio Casualty's continued acceptance of premium payments and renewal of the Policy after it denied Sinjel's claim for coverage constituted waiver of Ohio Casualty's right to enforce the coverage limitation.

Ohio Casualty promptly denied Sinjel's claim shortly after it was filed and the investigation was completed. It expressly invoked the coverage limitation and unequivocally denied the claim long before it engaged in any of the conduct that Sinjel contends waived the coverage limitation. Indeed, Sinjel does not dispute that the only conduct on Ohio Casualty's part that arguably constitutes waiver occurred after the claim at issue here was formally denied. The timing of these events defeats Sinjel's position. Ohio Casualty's continued collection of premium payments and renewal of the

---

[2] The parties dispute whether this type of provision can be waived at all. We need not address this issue for purposes of resolving the controversy before us, however, and we assume, *arguendo*, that the policy limitation could theoretically be waived. But, as discussed below, the record shows that Ohio Casualty did not waive it.

Policy *after* denying the claim does not constitute "a voluntary and intentional relinquishment of a known right or conduct that warrants an inference of such a relinquishment." *Highlands Ins.*, 688 F.2d at 404. As the district court held, "[t]he fact that Ohio Casualty received and retained Sinjel's premium payment cannot reasonably be found to operate as a waiver in light of the undisputed fact that Ohio Casualty . . . had already unequivocally denied Sinjel's claim for the November 2020 fire loss before receiving the premium payment[.]"

Sinjel cites two cases that purportedly support its position, but they both bolster our conclusion that the sequence of events here cannot support waiver. In *Pitts*, 931 F.2d at 353–54, and *New York Life Insurance Co. v. Dumler*, 282 F. 969, 970 (5th Cir. 1922), the conduct that waived the insurer's right to enforce a certain coverage limitation arose before a claim was definitively denied or otherwise resolved. Here, the conduct that supposedly constitutes waiver of the coverage limitation did not occur until after the claim regarding the fire had been unequivocally and unambiguously denied. Ohio Casualty cannot be said to have waived its right to rely on the coverage limitation to deny a claim after expressly relying on it to deny that same claim.

\*       \*       \*

We AFFIRM the district court's judgment.